UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PEOPLE OF THE STATE OF MICHIGAN

        Plaintiffs,

v.                                                                                    Case Number: 05-73921
                                                         HON. MARIANNE O. BATTANI

DAVID LOVE-EL,
        Defendant.

_____/

**ORDER GRANTING DEFENDANT'S APPLICATION TO
PROCEED *IN FORMA PAUPERIS* AND DISMISSING COMPLAINT**

This matter is before the Court on Defendant's October 12, 2005, Complaint. The Court has reviewed Defendant's Complaint, and for the reasons that follow, the Court **DISMISSES** the Complaint.

Pending before the Court is Petitioner David Love-EL's Application to Proceed Without Prepayment of Fees and Costs. Pursuant to 28 U.S.C. § 1915(a), a court can authorize the commencement of a proceeding without prepayment of fees and costs by a person who submits an affidavit that he is unable to pay such costs or give security therefor. The Court, having reviewed Defendant's affidavit and a certified statement of his finances, finds that he cannot prepay fees for these proceedings or give security.

However, even when a party establishes indigence, the district court must screen the complaint as mandated by Congress in § 1915(e)(2). Specifically, the district court is obliged to dismiss a civil complaint if it "fail[s] to state a claim upon which relief may be granted." See 28 U.S.C. § 1915(e)(2)(B)(ii). Section 28 U.S.C. § 1915(e)(2)(B) states:

Notwithstanding any filing fee, or any portion thereof, that may have been paid,

>the court shall dismiss the case at any time if the court determines that--
>
>>(B) the action or appeal--
>>
>>>(i) is frivolous or malicious;
>>>(ii) fails to state a claim on which relief may be granted; or
>>>(iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B).

The Court is mindful that a *pro se* litigant's complaint is to be construed liberally, Jourdan v. Jabe, 951 F.2d 108, 100 (6th Cir. 1991), and is held to "less stringent standards" than a complaint drafted by counsel. Haines v. Kerner, 404 U.S. 519, 520 (1972). Nonetheless, such complaints still must plead facts sufficient to show a redressable legal wrong has been committed. FED. R. CIV. P. 12(b); Dekoven v. Bell, 140 F. Supp.2d 748, 755 (E.D. Mich. 2001).

Love-EL has offered the "defense" to his prosecution that his ancestors came from Africa, that he is therefore a subject of Morocco's king, and as a result, he is immune from prosecution. "This view of legal obligations is espoused by many adherents to the Moorish Science Temple, which was founded in 1913 by prophet Noble Drew Ali. Moorish Science is a heterodox Islamic sect based on teachings of Drew and his 'Seven Circle Koran.'" U.S. v. James, 328 F.3d 953, 954 (7th Cir. 2003). Love-EL also makes various claims that he is immune from prosecution by virtue of The Moors Sundry Act,[1] The Treaty with Morocco of 1787, and

---

[1] "The Moors Sundry Act was an act passed by the South Carolina State Legislature granting the subjects of the Sultan of Morocco, residing in South Carolina, the same rights as their 'white' counterparts, even to the extent of being jurors. . . . The Moors Sundry Act is used as another justification . . . [for] 'Moors' to claim sovereignty and immunity from the laws of the land, but even this document simply grants the Moors rights equal to other 'white' citizens of South Carolina . . . ." available at, http://users.pandora.be/gohiyuhi/nafps/articles/art32.htm. Moreover, as an act by the South Carolina Legislature, it has no effect on Love-EL's criminal prosecution in Michigan.

various United Nations resolutions.

> The Moors claim certain rights as a result of the Treaty of Peace and Friendship of 1786, entered into by the United States of America and the Kingdom of Morocco (the "Treaty").  According to the Moors, the Treaty subjects them only to the laws of Morocco, including the taxing provisions.  Moreover, the Moors do not believe that African Americans are technically citizens of the United States within the meaning of the United States Constitution as a result of many of the Moors' predecessors being brought to the United States as slaves.  Thus, they contend that descendants of slaves are not subject to the laws established pursuant to the Constitution.  See http://www.thenationofmorrish-americans.org/bey.htm.  Moors also believe that the Dred Scott decision (Scott v. Sanford, 60 U.S. 393, 19 How. 393, 15 L.Ed. 691 (1857)) stands for the proposition that African-Americans are not citizens of the United States and thus the duties of citizens, including abiding by the laws of the United States and paying taxes, do not apply to African-Americans.  See id; see also, James, 328 F.3d at 954 (where the defendant offered a defense that his ancestors came from Africa, thus, he was a Moorish national required to obey only those laws mentioned in the Treaty).

Great Seal Moorish Science Temple of America, Inc. v. New Jersey, 2005 WL 2396311 at *1, fn 1 (E.D. Pa. 2005).

None of the twenty-five articles in the treaty[2] cited by Love-EL divests the United States, or any State of the Union, of jurisdiction over criminal acts by Moors.  Further, Love-EL seeks to remove his prosecution in state court to this Court based on diversity of citizenship pursuant to 28 U.S.C. § 1332.  However, this Court has no jurisdiction to remove a criminal prosecution under § 1332, because § 1332 only authorizes removal of "civil actions where the matter in controversy exceeds the sum or value of $75,000 . . . ." 28 U.S.C. § 1332(a).

As to the remaining unusual, non-federal claims, the court dismisses them as frivolous under 28 U.S.C. § 1915(e)(2)(B).  Love-EL has offered no evidence that these claims have an arguable basis in fact or law, and therefore they may be dismissed *sua sponte*.  Brown v.

---

[2] See Treaty With Morocco, 1787, available at, http://www.yale.edu/lawweb/avalon/diplomacy/barbary/bar1786t.htm.

Bargery, 207 F.3d 863, 866 (6th Cir. 2000).

Accordingly, the Court **GRANTS** Defendant's application to proceed *In Forma Pauperis*. **FURTHER, IT IS HEREBY ORDERED** that Defendant's October 12, 2005, Complaint is **DISMISSED** for failure to state a claim for which relief can be granted.

                                          s/Marianne O. Battani  
                                          MARIANNE O. BATTANI  
                                          UNITED STATES DISTRICT JUDGE

DATED: October 28, 2005

## CERTIFICATE OF SERVICE

A Copy of this Order was mailed to David Love-EL on this date by ordinary mail and/or electronic filing.

                                          s/Bernadette M. Thebolt  
                                          Deputy Clerk